FILED THIS ___1st___ DAY
OF __April__ 20_15_
KATHLEEN M. BROWN, CLERK
BY: __jstewart__

David R. Paoli
PAOLI KUTZMAN, P.C.
P.O. Box 8131
257 West Front St., Suite A
Missoula, MT 59807-8131
(406) 542-3330
(406) 542-3332 (Fax)
davidrp@aol.com

Lance P. Jasper
JASPER & ASSOCIATES, PLLC
P.O. Box 7785
202 West Spruce St.
Missoula, MT 59807-7785
(406) 541-7177
(406) 541-7179 (Fax)
lpj@montanalaw.com
    *Attorneys for Plaintiffs*

## MONTANA FOURTH JUDICIAL DISTRICT COURT
## MINERAL COUNTY

| | |
|---|---|
| JOSEPH LARSON, individually and as Personal Representative of the Estate of Eric Joseph Larson, Deceased, and on behalf of TERESA LARSON, CALEB LARSON, RACHEL LARSON, BROOKE LARSON, and BEAU LARSON,<br><br>            Plaintiff,<br><br>vs.<br><br>FEDEX GROUND PACKAGE SYSTEM, INC., GnB TRUCKING COMPANY, EVGENYA MURADOVA, KEVIN LAMONT McGHEE and STATE OF MONTANA,<br><br>            Defendants. | Cause No. DV-2015-9<br>Dept. No. 1<br><br>**COMPLAINT AND JURY DEMAND** |

COMES NOW Plaintiff, Joseph Larson, individually and as Personal Representative of the Estate of Eric Joseph Larson, deceased, and on behalf of Teresa Larson (Eric Larson's Mother), Caleb Larson (Eric Larson's Older Brother), Rachel Larson (Eric Larson's Younger Sister), Brooke Larson (Eric Larson's Younger Sister) and Beau Larson (Eric Larson's Younger Brother), and for his Complaint against Defendants, FedEx Ground Package System, Inc., GnB Trucking, Evgenya Muradova, and Kevin Lamont McGhee and the State of Montana, alleges as follows:

## GENERAL ALLEGATIONS COMMON TO ALL CLAIMS

1. Plaintiff Joseph Larson is the father of Eric Joseph Larson (hereinafter "Eric Larson") and was at all times relevant a citizen of the State of Idaho.

2. The Estate of Eric Larson is filed in Missoula County, Montana.

3. Eric Larson was a citizen of Montana and resided in Missoula, Montana.

4. Defendant FedEx Ground Package System, Inc. (hereinafter "FedEx Ground") is and was at all times relevant herein incorporated in Tennessee with its principal place of business in Pennsylvania.

5. Based on information and belief, Defendant GnB Trucking Company (hereinafter "GnB trucking") is and was at all times relevant herein incorporated in Utah with its principal place of business in Salt Lake City, Utah.

6. Based on information and belief, Defendant Evgenya Muradova

(hereinafter "Muradova"), owns GnB Trucking and was at all times relevant herein a citizen of Salt Lake City, Utah.

7. Based on information and belief, Defendant Kevin Lamont McGhee (hereinafter "Kevin McGhee") is and at all times relevant herein a resident of the State of Utah and maintained a commercial driver's license from the State of Utah.

8. Defendant State of Montana owns Interstate 90 in Mineral County. The Montana Department of Transportation was and is the state agency with the authority and duty to plan, build, and repair and maintain the state highway system pursuant to §60-2-128, §60-2-203 et seq., M.C.A., including Interstate 90 in Mineral County.

9. Plaintiff Joseph Larson is the duly appointed, qualified, and acting Personal Representative of the Estate of Eric Larson. Joseph Larson is acting on behalf of the Estate of Eric Larson and Eric Larson's heirs. Eric Larson died in the manner alleged below on December 27, 2013.

10. On or about December 27, 2013, Eric Larson was eastbound on Interstate 90 in his 2001 Chevrolet Silverado 4x4 truck. At the same time, Khudzhaabdullo Davlatov (hereinafter "Davlatov") was driving a semi-tractor trailer combination eastbound in front of Eric Larson. Davlatov lost control of his semi-tractor trailer combination and slid into the median of Interstate 90 at approximately mile marker 21. Eric Larson came upon the scene of the accident

and parked his vehicle on the north shoulder of the eastbound lanes of Interstate 90 completely off the roadway, clear of approaching traffic and with his emergency lights activated. Eric Larson exited his vehicle and approached the Davlatov semi tractor-trailer combination to render aid. Eric Larson allowed Davlatov and his wife, Kaycee Davlatov, to use his cell phone to call the police.

11. Defendant Kevin McGhee was eastbound on Interstate 90 behind Davlatov and Larson. McGhee was driving a semi-tractor trailer combination hauling double trailers for FedEx Ground. McGhee lost control of his semi-tractor trailer and crashed into the median, running down and over Eric Larson.

12. Defendant Muradova's business, Defendant GnB Trucking, owned the semi-tractor trailer combination Defendant McGhee was driving when he ran over Eric Larson.

13. As a result of the collision, Eric Larson suffered severe injuries. After surviving for an appreciable period of time, he eventually succumbed to his injuries and died.

14. Defendant Kevin McGhee was an employee of both FedEx Ground, and GnB Trucking Company and/or Muradova, and was acting within the course and scope of his employment at all relevant times.

15. FedEx Ground, GnB Trucking, and/or Muradova were responsible for Kevin McGhee's actions under the theory of respondeat superior at all relevant times.

## COUNT I – NEGLIGENCE
## (FEDEX GROUND, GNB TRUCKING, MURADOVA, AND McGHEE)

16. The foregoing allegations are incorporated by reference in this Count as though fully set forth herein.

17. Defendant Kevin McGhee, acting on behalf of and within the scope of his employment with Defendants FedEx Ground, GnB Trucking, and/or Muradova, owed a duty to operate the FedEx semi-tractor trailer with reasonable care.

18. Defendant Kevin McGhee breached this duty by traveling too fast for the conditions and failing to operate the subject vehicle in compliance with state and local traffic laws with due regard for Eric Larson's health and safety.

19. Defendants were negligent, individually and/or through the conduct of each other, in their careless ownership and maintenance of the tractor-trailer combination.

20. Defendants' negligence resulted in Eric Larson's injuries and death, to the significant damage of Eric Larson, his estate, and his heirs.

## COUNT II – NEGLIGENCE PER SE
## (FEDEX GROUND, GNB TRUCKING, MURADOVA AND McGHEE)

21. The foregoing allegations are incorporated by reference in this Count as though fully set forth herein.

22. Defendant Kevin McGhee, acting on behalf of and within the scope

of his employment with Defendants FedEx Ground, GnB Trucking, and/or Muradova, owed a duty to operate the FedEx Ground semi-tractor trailer combination in a safe and controlled manner under Montana Code Ann. §§ 61-8-301 and 61-8-346. These statutes were enacted for the purpose of promoting public safety, and Eric Larson was within the class of persons the legislature intended these statutes to protect.

23. Defendant Kevin McGhee breached this duty while acting on behalf of and within the scope of his employment with Defendants FedEx Ground, GnB Trucking, and/or Muradova.

24. Defendant Kevin McGhee's violations of the Montana Code constitute negligence per se.

25. Defendant Kevin McGhee's negligence per se caused severe injuries to Eric Larson which subsequently led to his death, to the significant damage of Eric Larson, his estate, and his heirs.

### COUNT III – NEGLIGENT HIRING AND RETENTION
### (FEDEX GROUND, GNB TRUCKING, AND/OR MURADOVA)

26. The foregoing allegations are incorporated by reference in this Count as though fully set forth herein.

27. Defendants FedEx Ground, GnB Trucking, and/or Muradova owed a duty of reasonable care to Plaintiff to hire and retain competent, qualified, and safe employees.

28. Defendants FedEx Ground, GnB Trucking, and/or Muradova knew, or in the exercise of reasonable care should have known, that Defendant Kevin McGhee was incompetent and unfit to perform the job that he was hired to perform based on his adverse driving record and lack of proper training and experience.

29. Defendants FedEx Ground, GnB Trucking, and/or Muradova breached their duty of reasonable care by hiring and retaining Defendant Kevin McGhee who was incompetent, unfit, and dangerous.

30. The failure of Defendants FedEx Ground, GnB Trucking, and/or Muradova to exercise reasonable care caused severe injuries to Eric Larson which subsequently led to his death, to the significant damage of Eric Larson, his estate, and his heirs.

## COUNT IV – NEGLIGENT FAILURE TO TRAIN AND SUPERVISE (FEDEX GROUND, GNB TRUCKING COMPANY, AND MURADOVA)

31. The foregoing allegations are incorporated by reference in this Count as though fully set forth herein.

32. Defendants FedEx Ground, GnB Trucking, and Muradova owed a duty of reasonable care to Plaintiff to train and supervise its drivers.

33. Defendants FedEx Ground, GnB Trucking, and Muradova breached its duty of reasonable care by failing to properly and adequately train and supervise Defendant Kevin McGhee.

34. Defendants FedEx Ground, GnB Trucking, and Muradova's failure to properly and adequately train and supervise Defendant Kevin McGhee caused severe injuries to Eric Larson which subsequently led to his death, to the significant damage of Eric Larson, his estate, and his heirs.

## COUNT V – NEGLIGENCE
## (STATE OF MONTANA)

35. The foregoing allegations are incorporated by reference in this Count as though fully set forth herein.

36. Pursuant to §60-2-128, §60-2-203 et seq., M.C.A., Defendant State of Montana Department of Transportation is responsible for maintenance of Interstate 90 in Mineral County.

37. Defendant State of Montana's Department of Transportation's mission is, in part, to save lives on Montana roads and its responsibility is, in part, to maintain safe highways in Montana.

38. Defendant State of Montana negligently failed to safely maintain Interstate 90 for obvious and expected winter driving conditions.

39. Defendant State of Montana negligently failed to have or effectively utilize its resources to maintain Interstate 90 in Mineral County at and around mile marker 21.1 eastbound on December 27, 2013.

40. Defendant State of Montana breached its duty in one or more of the following ways:

a. Failing to properly discover the hazardous and unsafe condition near the subject location;

b. Failing to correct the hazardous and unsafe condition at the subject location;

c. Failing to ensure its agents, subcontractors, and/or employees properly performed their job duties and maintained the roadway appropriately near the crash location.

41. Defendant State of Montana negligently failed to warn, protect, guard, and secure the safety of motorists and invitees of Interstate 90, Eric Larson, and other similarly situated members of the public, when Defendant knew or should have known of the existence at the subject location of danger to users and invitees.

42. Defendant State of Montana's negligence caused severe injuries to Eric Larson which subsequently led to his death, to the significant damage of Eric Larson, his estate, and his heirs.

## COUNT VI – NEGLIGENCE PER SE
## (STATE OF MONTANA)

43. The foregoing allegations are incorporated by reference in this Count as though fully set forth herein.

44. Defendant State of Montana was required to maintain the roadway where this crash occurred pursuant to §60-2-128, §60-2-203, et seq., M.C.A.

45. Defendant State of Montana failed to maintain Interstate 90 in a safe condition for all motorists and as a result, violated these statutory requirements.

46. The statutory scheme requiring Defendant State of Montana to maintain Interstate 90 was intended to protect a class of persons of which Eric Larson was a member.

47. Defendant State of Montana's negligence per se caused severe injuries to Eric Larson which subsequently led to his death, to the significant damage of Eric Larson, his estate, and his heirs.

## COUNT VII – NEGLIGENT FAILURE TO TRAIN AND SUPERVISE
## (STATE OF MONTANA)

48. The foregoing allegations are incorporated by reference in this Count as though fully set forth herein.

49. Defendant State of Montana owed a duty of reasonable care to Plaintiff to train and supervise its employees.

50. Defendant State of Montana breached its duty of reasonable care by failing to properly and adequately train and supervise its employees, which allowed a dangerous condition to develop on Interstate 90 at and near the subject crash scene.

51. Defendant was negligent and breached its duty of reasonable care for the safety and protection of the public and Plaintiff, Eric Larson, and Eric Larson's heirs by failing to properly train and supervise its employees.

52. Defendant State of Montana's failure to properly train and supervise its employees so they could protect users of Interstate 90, Eric Larson, and other similarly situated members of the public caused severe injuries to Eric Larson which subsequently led to his death, to the significant damage of Eric Larson, his estate, and his heirs.

## COUNT VIII – NEGLIGENCE/PREMISE LIABILITY
## (STATE OF MONTANA)

53. The foregoing allegations are incorporated by reference in this Count as though fully set forth herein.

54. Defendant State of Montana owed a duty to maintain Interstate 90 in a safe manner, to take appropriate safeguards to minimize the danger that drivers encounter on Interstate 90, including plowing and sanding roads.

55. On December 27, 2013, the roadway of Interstate 90 was covered with ice and snow. The State of Montana employs drivers of sanders and plows to keep Interstate 90 safe for the public.

56. On December 27, 2013 two state employees failed to report for work at 10:00 p.m., leaving only one sander and plow to patrol the extensive area.

57. The State of Montana failed to have any plan in place for this possibility, including not having any substitute drivers available to perform the necessary and required plowing and maintenance responsibilities.

58. Lacking any plan or substitute drivers, the State had to require the

drivers who had completed their shift to return and take another consecutive shift.

59. The failure by Defendant State of Montana to have an adequate number of sanders and plows on Interstate 90 at that time caused and/or contributed to Eric's death.

60. Defendant State of Montana had prior knowledge of the dangers associated with this stretch of Interstate and knew that during the Holiday season that there would be many travelers.

61. Defendant State of Montana breached its duty of care as a landowner by failing to take reasonable measures in safely maintaining Interstate 90.

62. As a direct and proximate result of Defendant's negligence, Eric Larson suffered severe injuries which subsequently led to his death, to the significant damage of Eric Larson, his estate, and his heirs.

## COUNT IX - WRONGFUL DEATH ACTION
## (ALL DEFENDANTS)

63. The foregoing allegations are incorporated by reference in this Count as though fully set forth herein.

64. At the time of Eric Larson's death, he was in good health and had a successful career with Montana Rail Link.

65. As a direct and proximate result of the negligence of Defendants,

Eric Larson suffered grave injuries that subsequently led to his death.

66. By reason of the death of Eric Larson, his parents and his siblings have been deprived of his support, comfort, society, counsel, and services, all to their damage.

67. In addition to all other wrongful death damages recoverable, Plaintiff specifically claims damages for Eric Larson's parents' and siblings' loss of consortium.

## COUNT X – SURVIVAL ACTION
## (ALL DEFENDANTS)

68. The foregoing allegations are incorporated by reference in this Count as though fully set forth herein.

69. Plaintiff Joseph Larson brings this action for the benefit of the decedent's estate, under the provisions of Mont. Code Ann. § 27-1-501.

70. From the time Eric Larson realized the FedEx vehicle was out of control and bearing down on him until his death, he suffered fear of imminent serious injury or death, knowledge and contemplation of impending death, and distress, physical pain, and other damages.

71. Under Montana law, Eric Larson's estate is entitled to recover from Defendants damages as compensation for the loss of his life, for the injuries suffered by Eric Larson prior to his death; for the medical bills and funeral expenses incurred, for his pain and suffering; and for the present value of the

compensation and benefits of employment he would have earned during his lifetime.

## COUNT XI - PUNITIVE DAMAGES
## (ALL DEFENDANTS EXCEPT STATE OF MONTANA)

72. The foregoing allegations are incorporated by reference in this Count as though fully set forth herein.

73. Defendants acted with actual malice against Eric Larson by intentionally disregarding facts that created a high probability of injury and deliberately proceeding to act with indifference to the high probability of injury to Eric Larson and any other persons foreseeably on the roadway.

74. FedEx Ground consciously and intentionally disregarded facts indicating that it employed unsafe drivers and drivers who regularly employed unsafe driving practices in western Montana.

75. FedEx Ground, GnB Trucking, and/or Muradova are liable to Plaintiff, as they employed Kevin McGhee despite his adverse driving record and lack of proper training and experience.

76. Defendants' actual malice caused Eric Larson to suffer grave injuries and subsequent death, which resulted in significant damages to Plaintiff.

77. Defendants' conduct subjects them to an award of punitive damages.

## COUNT XII – CLAIM FOR DECLARATORY JUDGMENT
## (ALL DEFENDANTS)

78. Plaintiffs re-allege and incorporate by reference each and every allegation contained in paragraphs above as if fully set forth herein.

79. M.C.A. §27-1-220 violates the due process and equal protection clauses of the state and federal constitutions and, as such, is unconstitutional, both as applied and on its face.

**WHEREFORE**, Plaintiffs pray for judgment against Defendants for the following damages:

1. Compensatory damages for Eric Larson's medical and funeral costs;

2. Compensatory damages for Eric Larson's future wage loss;

3. Damages for Eric Larson's wrongful death;

4. Damages for Eric Larson's survival including, but not limited to, his physical and emotional pain and suffering;

5. Punitive damages;

6. The Court's declaratory order that M.C.A. §27-1-220 is unconstitutional; and

7. All damages and such further relief as the Court deems just and proper.

**PLAINTIFF DEMANDS A TRIAL BY JURY.**

DATED this ____ day of March, 2015.

PAOLI KUTZMAN P.C.

By: _____
David R. Paoli
Attorney for Plaintiff


JASPER & ASSOCIATES, PLLC

By: _____
Lance P. Jasper
Attorney for Plaintiff