FILED THIS 14th DAY OF December 20 15
KATHLEEN M. BROWN, CLERK
BY: _____

## MONTANA FOURTH JUDICIAL DISTRICT COURT, MINERAL COUNTY

| | |
|---|---|
| JOSEPH LARSON, individually and as Personal Representative of the Estate of Eric Joseph Larson, Deceased, and on behalf of TERESA LARSON, CALEB LARSON, RACHEL LARSON, BROOKE LARSON, and BEAU LARSON,<br><br>Plaintiffs,<br><br>-vs-<br><br>FEDEX GROUND PACKAGE SYSTEM, INC., GnB TRUCKING COMPANY, EVGENYA MURADOVA, KEVIN LAMONT McGHEE and STATE OF MONTANA,<br><br>Defendants. | Hon. Leslie Halligan, Dept. 1<br>CAUSE NO. DV 2015-9<br><br>PROTECTIVE ORDER<br><br>Re: Confidential Information and Documents |

Pursuant to Stipulation of the parties, and upon review, the Court enters the following Protective Order. The parties are advised that any party wishing to file any document under seal shall seek leave of Court.

**1.** This Order shall pertain to information which shall be designated "CONFIDENTIAL" in response to any party's discovery requests. The term "Disclosing Party" shall refer to the party producing "CONFIDENTIAL" documents and/or information and the term "Non-Disclosing Party" shall refer to the party to whom "CONFIDENTIAL" documents and/or information have been produced.

2. All discovery that is designated "CONFIDENTIAL" shall be available only for examination by the parties, counsel for the parties, witnesses and experts retained by counsel to assist in the prosecution, defense or settlement of this matter. It may be examined by the trier of fact if admitted by the Court.

Before such individuals receive access to such "CONFIDENTIAL" discovery, they shall agree in writing to be bound by this Order. Before making the disclosure of any "CONFIDENTIAL" discovery to outside consultants and experts retained for the purpose of assisting in the preparation for trial, the Non-Disclosing Party shall obtain an agreement in writing as per the form attached as Exhibit "A" from the outside expert or consultant reciting that he or she has read a copy of this Order and agrees to be bound by its provisions. Notwithstanding the foregoing, the trier of fact may examine documents admitted into evidence without executing the form attached as Ex. A

3. No "CONFIDENTIAL" discovery shall be used or communicated by any person receiving it for any purpose whatsoever other than preparation for trial or settlement or use at trial of this matter.

4. There shall be no reproduction whatsoever of any "CONFIDENTIAL" discovery except that, as required in this litigation, copies, excerpts or summaries may be shown or given to those authorized to receive discovery materials pursuant to this Order.

5. In any deposition, any of the parties may designate testimony regarding the information deemed to be "CONFIDENTIAL" by advising the court reporter of such fact.

The reporter shall then mark the "CONFIDENTIAL" portions of the transcript as "CONFIDENTIAL."

6. Any discovery designated by any of the parties as "CONFIDENTIAL" shall not be given, shown, made available or otherwise communicated in any way by such counsel for any of the parties to anyone other than: (i) the parties, counsel for the parties, witnesses and experts retained by counsel to assist in the prosecution, defense or settlement of this matter, or (ii) the Court and trier of fact if required in any further proceeding herein, except as permitted by stipulation of the parties or any further order of the Court.

7. If the Non-Disclosing Party objects to the designation by the Disclosing Party of a document, pleading, or transcript of testimony as "CONFIDENTIAL," he/she shall give notice of same to the Disclosing Party in writing of the document, pleading, and/or testimony at issue and the reason for the objection. The Disclosing Party shall thereafter have thirty (30) business days within which to apply to the Court for appropriate protection of the document, pleading, and/or testimony. If the Disclosing Party does not make application within thirty (30) business days after receipt of the written objection of the Non-Disclosing Party, then the documents, pleadings, and/or testimony at issue shall no longer be deemed "CONFIDENTIAL." However, until expiration of the thirty (30) day time period or until the Court enters an order changing the designation, the information shall continue to be given the "CONFIDENTIAL" treatment initially assigned to it and provided for in this Order.

**8.** Information designated as "CONFIDENTIAL" may be referred to by the Non-Disclosing Party in notices, motions, briefs, or any other pleadings, may be used in depositions and may be marked as deposition or trial exhibits in this action. However, no such information shall be used for any of these purposes unless it, or the portion where it is revealed, is appropriately marked.

**9.** If during trial, counsel for the Non-Disclosing Party intends to introduce into evidence any information designated as 'CONFIDENTIAL," he or she shall give timely notice of that intention to the Court and the Disclosing Party's counsel.

**10.** The Non-Disclosing Party's counsel shall continue to maintain the "CONFIDENTIAL" status of all documents, pleadings and/or deposition testimony in accordance with the provisions of this Order. Despite final termination of this action, this Order shall continue to apply.

**11.** Nothing in this Order shall prevent any party or non-party from seeking a modification of the Order or objecting to discovery which it believes to be otherwise improper.

DATED this 8th day of December, 2015.

_____
LESLIE HALLIGAN, DISTRICT JUDGE

cc   David R. Paoli [*The Paoli Law Firm*]
     Lance P. Jasper [*Reep Bell, Laird, Simpson & Jasper*]
     Nicholas J. Pagnotta / Mark S. Williams [*Williams Law Firm*]

MONTANA FOURTH JUDICIAL DISTRICT COURT, MINERAL COUNTY

| | |
|---|---|
| JOSEPH LARSON, individually and as Personal Representative of the Estate of Eric Joseph Larson, Deceased, and on behalf of TERESA LARSON, CALEB LARSON, RACHEL LARSON, BROOKE LARSON, and BEAU LARSON,<br><br>Plaintiffs,<br><br>-vs-<br><br>FEDEX GROUND PACKAGE SYSTEM, INC., GnB TRUCKING COMPANY, EVGENYA MURADOVA, KEVIN LAMONT McGHEE and STATE OF MONTANA,<br><br>Defendants. | Hon. Leslie Halligan, Dept. 1<br>CAUSE NO. DV 2015-9<br><br>AGREEMENT TO BE BOUND BY PROTECTIVE ORDER<br><br>RE: Confidential Information and Documents |

The undersigned hereby acknowledges that he or she has received a copy of the Protective Order entered in this action, has read the same and agrees to be bound by all of the provisions thereof.

DATED this _____ day of _____, 2015.

_____
Signature

_____
Printed Name

AGREEMENT TO BE BOUND BY PROTECTIVE ORDER                                    Page 1